```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIA A. ROSAS

                    Plaintiff,          Memorandum and Order

          v.                            19-CV-6180(KAM)(SJB)

CUZCO CAPITAL INVESTMENT
MANAGEMENT, LLC,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff, Julia A. Rosas ("Plaintiff"), initiated this action against Cuzco Capital Investment Management, LLC ("Cuzco Capital" or "Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on November 1, 2019.  Defendant did not respond to the complaint, and the Clerk of Court entered Defendant's default.  Plaintiff has now filed a motion for a default judgment.  (ECF No. 11.)  For the reasons herein, Plaintiff's motion for default judgment is DENIED without prejudice.

## Background

Plaintiff brought this action by filing a complaint on November 1, 2019, naming Cuzco Capital as Defendant, and alleging that Cuzco Capital's principal place of business is in Nassau County, New York.  (*See generally* ECF No. 1, Complaint ("Compl.").)  A summons was issued the same day, directed to

1

Cuzco Capital, care of National Registered Agents, located at 28 Liberty Street in Manhattan, New York.  (ECF No. 5, Summons Issued.)  On November 1, 2019, Plaintiff filed an affidavit of service sworn by a process service, which stated that service was made by delivering a copy of the summons and complaint to Cuzco Capital's intake specialist at the Liberty Street address in Manhattan, New York.  (ECF No. 6, Affidavit of Service ("Aff. of Serv.").)  On February 18, 2020, following Defendant's failure to answer, Plaintiff requested that the Clerk of Court issue a certificate of default.  (ECF No. 7, Request for Certificate of Default.)  The certificate of default was issued on February 25, 2020.  (ECF No. 10, Entry of Default.)

        Plaintiff's complaint alleges that Cuzco Capital is a "debt collector" as defined by the FDCPA.  (*See* Compl. ¶¶ 9-13.)  Plaintiff alleges that she received two voicemail messages, which allegedly violated the FDCPA.  (*Id.* ¶¶ 27-28.)  Plaintiff provided transcripts of the two voicemail messages she received:

> Female Voice Message: Hi, this is Annie Smith calling from Independent Services.  This message is for [Plaintiff]. [Plaintiff], I will be expecting your call in the next 72 hours.  Otherwise, we'll just have to proceed with a legal action. You can give us a call back at (844) 735-3771 in reference to your case number on file 9628377.  Thank you.
>
> Male Voice Message: Hi, this call is from Kenneth Archibald(?).  I'm calling with Independent Service.  This message is for [Plaintiff].  We have attempted to contact you

>           on two different occasions and since you've
>           been ignoring our attempts to reach you, we
>           are proceeding with legal actions by pursuing
>           you in court. Due to your non-compliance, the
>           courier is coming to your place of employment
>           within 24 hours. If we cannot locate you,
>           your case will be forwarded to the court where
>           the Judge will determine how to locate you.
>           If you have any questions you can contact the
>           claims office at (844) 735-3771 in reference
>           to your case number on file 9628377.
>           [Plaintiff], this is your final notice.

(ECF No. 11-3, Declaration of Angeliza Franco ("Franco Decl."), Ex. 1.)

Plaintiff alleges that the sender of the voicemail messages violated several provisions of the FDCPA, including by failing to send Plaintiff a required written notice that contained specific enumerated information required by the FDCPA[1] within five days of the first voicemail message. (*See* ECF No. 11-1, Memorandum in Support, at 3-4.) Plaintiff also alleges that the sender of the voicemail messages violated the FDCPA by

---

[1] The FDCPA requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(1)-(5).

3

threatening to take legal action, without the sender intending to sue, and by making deceptive and misleading representations in attempting to collect a debt from Plaintiff. (*Id.* at 4-5.)

Following the Clerk of Court's entry of Cuzco Capital's default, Plaintiff moved for a default judgment. (ECF No. 11, Motion for Default Judgment ("Mot.").) To date, Cuzco Capital has not appeared in this action.

## Legal Standard

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment by following a two-step process. First, if the defendant "has failed to plead or otherwise defend," the Clerk of Court will enter the defendant's default. Fed. R. Civ. P. 55(a). Second, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). Because a default judgment is an extreme remedy, "[d]efault judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993)). Before entering a default judgment, the court "must ensure that (1) jurisdictional

4

requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

## Discussion

As discussed below, Plaintiff's motion for a default judgment fails for two independent reasons.

### I. Plaintiff Fails to Link Defendant to the Relevant Voicemail Messages

In order to obtain a default judgment against Defendant, Plaintiff must demonstrate not only that jurisdictional requirements and procedural requirements are met, but that Plaintiff's allegations establish Defendant's liability under the FDCPA as a matter of law.  The FDCPA prohibits, *inter alia*, "[a] debt collector" from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  It is self-evident, then, that Defendant can only be liable for a violation of the FDCPA if it attempted to collect a debt from Plaintiff.  However, it is not clear whether the named Defendant was involved in the debt collection efforts described in the complaint at all.

5

The Defendant named in the complaint and purportedly served with the summons and complaint is Cuzco Capital. Both of the voicemail messages were from callers who identified themselves as calling from "Independent Services," without any reference to Cuzco Capital. (*See* Franco Decl., Ex. 1.) Nothing in the complaint, Plaintiff's motion for a default judgment, or the supporting affidavits indicates why Plaintiff sued Cuzco Capital, or what acts Cuzco Capital took or omitted in violation of the FDCPA.

If the complaint had alleged that the entity that sent the voicemails was an authorized agent of Cuzco Capital, then Cuzco Capital would have been properly named in Plaintiff's complaint. *See Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 584 (S.D.N.Y. 2015) ("Courts in this Circuit . . . have concluded that principals or corporate parents may be held vicariously liable for their agents' or subsidiaries' actions that violated the FDCPA where the principals are themselves 'debt collectors.'"). Plaintiff, however, never alleges that Cuzco Capital is a principal of "Independent Services," nor does Plaintiff allege *any* link between Cuzco Capital and "Independent Services." Plaintiffs in similar cases have generally been required to make some showing that the entity that was sued was, in fact, responsible for the voicemails at issue. For example, in one such case, Judge Nicholas G. Garaufis in this District

6

granted a default judgment against a defendant who left an ambiguous voicemail, because the plaintiff showed that the phone number provided in the voicemail matched the defendant's phone number. *McPhatter v. M. Callahan & Assocs., LLC*, No. 11-cv-05321 (NGG), 2013 WL 5209926, at *3 (E.D.N.Y. Sept. 13, 2013) ("At plaintiff's request, the Court takes judicial notice that the phone number left on plaintiff's voicemail belongs to [the defendant] and thus connects defendant to the offending voicemail . . . ."); *see also Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 648 (S.D.N.Y. 2006) (voicemail stated that it was from the defendant).

Here, Plaintiff has made no such allegation or showing to tie Cuzco Capital to either of the relevant voicemail messages. Without additional context or information verifying that Defendant was responsible for the voicemails, Plaintiff has failed to demonstrate Defendant's liability. For this reason, the court denies Plaintiff's motion for default judgment against Cuzco Capital at this time.

## II. Plaintiff Fails to Demonstrate that Defendant Received Sufficient Notice of the Lawsuit and Motion

Even if sufficient and plausible facts had been alleged to establish that Defendant was responsible for the voicemail messages at issue, the court is not convinced that Plaintiff provided sufficient service of the summons and

7

complaint, nor the motion for a default judgment, upon Defendant.

Plaintiff's complaint stated that Cuzco Capital's principal place of business is located in Nassau County, New York. (Compl. ¶ 8.) Plaintiff, however, did not serve Cuzco Capital with the summons and complaint at a location in Nassau County. Rather, service was made upon an entity, National Registered Agents, located on Liberty Street in lower Manhattan, New York. (*See* Aff. of Serv.) Under Federal Rule of Civil Procedure 4, an LLC defendant, such as Cuzco Capital, can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," or by "following state law" regarding service. Fed. R. Civ. P. 4(e)(1), 4(h)(1). New York law allows for service upon an LLC by "delivering a copy personally to (i) any member of the [LLC] in [New York], if the management of the [LLC] is vested in its members, (ii) any manager of the [LLC] in [New York], if the management of the [LLC] is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the [LLC] to receive process, in the manner provided by law for

8

service of a summons as if such person was a defendant." N.Y. C.P.L.R. 311-a(a).

Thus, service upon Cuzco Capital may have been proper, if the intake specialist at the National Registered Agents location who was served was authorized to receive service by Defendant. The process server's affidavit does not establish that fact, and the court need not accept a process server's conclusory assertion that service of process was properly made upon a defendant, without more specific information. *See McHale v. Chase Home Fin. LLC*, No. 17-cv-6089 (JMA), 2020 WL 7711826, at *4 (E.D.N.Y. Dec. 29, 2020) ("While an affidavit of a process server ordinarily creates a presumption of proper service, the affidavit of service . . . is simply too conclusory to create a presumption of proper service."); *Augustin v. Apex Fin. Mgmt.*, No. 14-cv-182 (CBA)(VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015), *report and recommendation adopted*, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015) (process server's "affidavit d[id] not describe the basis of his knowledge that [the person who was served] was 'designated by law to accept service of process on behalf of'" the defendant).

Moreover, even though Defendant's principal place of business is apparently in Nassau County, and service of process was made in Manhattan, Plaintiff used a third, out-of-state address to serve Defendant with a copy of her motion for a

9

default judgment. Pursuant to Eastern District Local Civil Rule 55.2(c), "all papers submitted" in support of a motion for a default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Local Civ. R. 55(c). This requirement is mandatory, as the Rules Committee "believes that experience has shown that mailing notice of such an application is conducive to both fairness and efficiency[.]" Committee Note, Local Civ. R. 55.2; *see also Dixon v. Int'l Unified Workforce, Inc.*, No. 18-cv-7191 (SJB), 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment").

Here, Plaintiff's counsel filed a certificate of service certifying that all motion papers in support of the motion for a default judgment were mailed to Defendant at an address located in North Miami, Florida. (Mot. at 3.) Counsel offered no explanation for why this address was used, and counsel did not affirm that it was Defendant's "last known business address." The court is concerned that counsel's use of different addresses for service in Manhattan and in Florida, when Defendant's principal place of business is alleged in the

10

complaint to be in Nassau County, made it less likely that Defendant knew it was being sued, or knew that Plaintiff was seeking a default judgment against it.  In the future, if counsel has valid reasons for using these differing addresses, and the service of the summons, complaint, and the motion for a default judgment all complied with the Federal and Local Rules, then counsel should demonstrate compliance by affidavit.  At this point, counsel has failed to do so.

For these independent procedural reasons regarding service of the complaint and the motion for a default judgment, Plaintiff's motion for a default judgment is denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion for a default judgment is DENIED without prejudice.  Plaintiff's counsel will not be awarded attorneys' fees, because of the sloppy practices causing an unnecessary expenditure of judicial resources, for any work prior to the date of this Memorandum and Order.

Because the court declines to reach the merits of Plaintiff's substantive allegations, Plaintiff may file an amended complaint within 14 days of this Memorandum and Order that demonstrates that she has identified the proper defendant(s).  Plaintiff should then serve the amended summons

and amended complaint upon the proper defendant(s) in compliance with Federal Rule of Civil Procedure 4.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 9, 2021

                                            /s/
                                  Hon. Kiyo A. Matsumoto
                                  United States District Judge